SUMMARY ORDER

Plaintiff-Appellant Fernand Lalanne, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Buchwald, J.), granting summary judgment in favor of the defendant and dismissing Appellant’s complaint brought pursuant to Title VII, 42 U.S.C. §§ 2000e et seq. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review an order granting summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003).
To establish a prima facie case of retaliation under Title VII, a plaintiff must bring evidence sufficient to permit a rational trier of fact to find: (1) the plaintiff pai’ticipated in a protected activity; (2) the defendant knew of the protected activity; (3) the defendant took adverse employment action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse employment action. Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir.2001). The burden shifting analysis established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), applies to retaliation claims brought pursuant to Title VII. See Terry v. Ashcroft, 336 F.3d 128, 140-41 (2d Cir.2003). Accordingly, if a plaintiff alleges a prima facie case of retaliation and the employer demonstrates a legitimate, non-retaliatory reason for the challenged employment decision, the plaintiff must present “evidence that would be sufficient to permit a rational factfinder to conclude that the employer’s explanation is merely a pretext for impermissible retaliation.” Cifra, 252 F.3d at 216.
Here, the district court properly found that, even if Appellant had established a prima facie case of retaliation, he failed to rebut the defendant’s legitimate, non-retaliatory explanation that he was terminated for a budgetary reason. Although the parties disagree as to when Appellant was informed that his position would be eliminated, the evidence demonstrates that the decision had been made by August 2003 (prior to Appellant engaging in protected activity in September 2003), when the funding allocated for Appellant’s position would run out. Appellant concedes that the defendant was able to keep him on longer only by paying him from vacant budget lines for unfilled positions. The record does not reflect that his position remained available to be filled after his termination, nor does it support his contention that others who participated in protected activity and kept their jobs did not provide any information in the investigation. Insofar as Appellant claims that the defendant failed to hire him for another position within the organization, Appellant asserts only that he sent a resume to the human resources department; he identifies no position for which he actually applied and was rejected. See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir.1998) (holding that a Title VII plaintiff *668 must allege that he applied for a specific position and was rejected therefrom, unless such a requirement would be “quixotic” under a particular set of facts). Appellant offered no evidence that would permit a reasonable fact-finder to infer that the defendant’s stated reason for dismissal was pretextual; the district court’s grant of summary judgment was therefore proper.
We have considered all of Appellant’s remaining arguments on appeal and find them to be without merit.
Accordingly, there is no basis on which to challenge the judgment of the district court, and it is hereby AFFIRMED.